■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR BURGOS, Appellant.—Judgment of the Supreme Court, Bronx County (Manuel Ramos, J.), rendered June 2, 1981, convicting defendant, after a jury trial, of robbery in the first degree, burglary in the second degree, and two counts of assault in the second degree, and sentencing defendant to concurrent indeterminate terms of imprisonment of from 10 to 20 years, 5 to 15 years and two terms of 2⅓ to 7 years, respectively, is unanimously modified, on the law, to the extent of vacating defendant's sentence on the conviction of robbery in the first degree, and, as a matter of discretion, resentencing defendant on that conviction to an indeterminate term of imprisonment of from 5 to 15 years, and the judgment is otherwise affirmed.

The defendant was convicted, after a jury trial, of robbery in the first degree, burglary in the second degree and two counts of assault in the second degree. The only issue raised on appeal is the propriety of defendant's sentences on these convictions. Indeed, as conceded by the People, the sentence of 10 to 20 years' imprisonment on the robbery conviction is unlawful. Applying the sentencing provisions of section 70.02 (4) of the Penal Law, the trial court sentenced defendant, as a class B armed violent felony offender, to an indeterminate term of imprisonment of from 10 to 20 years. Defendant, however, was tried and convicted on the theory that he had committed a robbery as defined in section 160.15 (3) of the Penal Law, and that conviction, under the facts of this case, does not qualify as a class B armed violent felony offense, which requires possession of a deadly weapon. *(See,* CPL 1.20 [41].) Accordingly, defendant could only be sentenced as a

class B violent felon under section 70.02 of the Penal Law, which specifies that the maximum term of the sentence be between 6 and 25 years and that the minimum term be one third, not one half, the maximum imposed. Defendant's sentence of 10 to 20 years' imprisonment was, therefore, unlawful and must be vacated.

Given the lengthy delay in prosecuting this appeal, the fact that the defendant was a first-time felon and only 18 years old at the time of commission of this crime, and that the People's recommendation at sentencing was that a sentence of 5 to 15 years be imposed, rather than remand for resentencing, we exercise our discretion to sentence defendant to a term of imprisonment of from 5 to 15 years on the robbery conviction. The judgment is otherwise affirmed. Concur—Sandler, J. P., Carro, Milonas, Rosenberger and Wallach, JJ.